Chief Justice Robertson,
delivered the opinion of th,e court.
Bordine obtained a judgment before a justice for $19 37 1-2 cents against Gooden on the 5th of April, 1830. On the 20th of April, 1830, Bor-dine was summoned to shew cause why a new trial should not be granted. On the 24th of the same month a new trial having, in the mean time been granted, thepartiesappeared, and a jury having found a verdict for Gooden, judgment was rendered in his favor. On an appeal to the circuit court, no evidence having been offered on the trial, to prove that Gooden was indebted to Bordine, the Circuit court overruled a demurrer to the evidence, consisting only of the foregoing facts, and thereupon the following verdict was returned: “we of the jury find for Bor-dine:” whereupon the court rendered judgment that Bordine should hate execution on the first judgment rendered by the justice.
The judgment of the Circuit court is erroneous. On an appeal to the Circuit court, the merits of the controversy should be tried as if there had been no previous trial in the country. In this case it is not material whether the justice had or had not power to grant the new trial. If he had sucli power, the appellant was not entitled to a virdict without proof of his demand; and the verdict was defective in omitting to find tiie amount ascertained to he due. If the magistrate had no power to award the new trial, the appellant could have avoided the effects'of the second judgment, by appealing to the Circuit court,and there re-trying the merits of the case, and proving that he was entitled to a judgment against the appellee. Appeals to the Circuit courts will be sustained only so far as they call in question final judgments on warrants, or on motions made in pursu-anee of the 6th section of an act of 1820, (2d Dig’t. 710.) Bordine had no right to appeal from the. inter-l°cut°ry orfier granting a new trial. He had a right to appeal from the final judgment against him on the last trial before the justice; but as the Circuit courts *335 do not revise, such judgments of justices and reverse them for error apparent in the record, but only try cases on appeals just as they fry such cases as are originally brought before them, instead of coming by appeal; when Bordine appealed to the Circuit court, that court had no right to circumscribe the trial to a consideration of the question, whether the justice had power to grant the new trial, but should have had the case tried as if it had never been tried before. No exception was taken to the order fora new trial, and the record does not shew that Bordine was opposed to it, nor that he appealed merely from the order granting the new trial; wherefore it is not now necessary to decide whether in a case over five pounds a justice has power to grant a new trial without the consent of both parties, when no motion was made for a new trial until after the day on which the judgment was rendered.
Triplett, and Mills, for plaintiff.
The judgment must be reversed, and as the Circuit court, as well as the appellant, seems to have been of opinion that the merits of the controversy were not to be tried, it is just and reasonable that such a trial should not now be cut off by the demurrer to the evidence.
Wherefore, the case is remanded for a new trial on the merits.